UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIM BOYLE and JOHN CHATBURN,                                        Plaintiffs,

v.                                                     Civil Action No. 3:20-cv-541-DJH-LLK

UNITED PARCEL SERVICE CO. et al.,                                   Defendants.

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiffs Tim Boyle and John Chatburn brought this action seeking injunctive relief for multiple alleged violations of the Employee Retirement Income Security Act. (Docket No. 9) Defendants United Parcel Service Co.; United Parcel Service of America, Inc.; and Charlene Thomas move to dismiss, claiming that the plaintiffs lack standing to bring the ERISA claims. (D.N. 15) For the reasons set forth below, the Court will grant the defendants' motion.

**I.**

In February 2019, Teamsters Local 2727 ratified a collective bargaining agreement with UPS Co. (D.N. 9, PageID # 1406) The CBA requires UPS Co. to provide "medical and disability benefits to the employees that perform aircraft-mechanic work on behalf of" UPS Co. (*Id.*) To comply with the CBA, UPS Co. provides medical and disability benefits through two plans: Plan 524 for active aircraft-mechanic employees, and Plan 525 for retired aircraft-mechanic employees. (*Id.*) UPS Co. appointed UPS of America as the plan administrator of both plans. (*Id.*, PageID # 1407) UPS of America's "Benefits Service Center" manages the day-to-day operation of the plans and, in some instances, outsources these responsibilities to third-party companies. (*Id.*)

In their second amended complaint, the plaintiffs allege that UPS of America negligently administered Plans 524 and 525 and that UPS Co. and Thomas failed to properly monitor the third-

1

party administrators of the plans. (*Id.*) The plaintiffs assert that the defendants violated the terms of the plans in fourteen different ways: (1) failing to respond to participants' inquiries; (2) terminating the benefits for retiring Plan 524 participants early; (3) improperly demanding payment of premiums from the Plan 525 participants; (4) improperly terminating the benefits for the spouses of Plan 525 participants; (5) improperly changing the network manager for Plan 525 participants; (6) failing to complete forms necessary for Plan 525 participants to become eligible for Medicare; (7) failing to inform Plan 524 participants of the duty to pay premiums while on long-term disability; (8) improperly terminating medical benefits while Plan 524 participants were receiving long-term disability benefits; (9) improperly terminating medical benefits while Plan 524 participants were receiving short-term disability benefits; (10) improperly threatening to revoke the seniority of participants who did not return from short-term disability; (11) refusing to deduct long-term disability premiums from short-term disability payments; (12) improperly demanding payment of long-term disability premiums while the participants received long-term disability benefits; (13) failing to begin paying short-term disability within two weeks of the participants' injuries; and (14) improperly offsetting disability benefits with vacation and off-week pay. (*Id.*, PageID # 1408–19)

The plaintiffs specifically seek injunctive relief under ERISA's catch-all provision, 29 U.S.C. § 1132(a)(3), and for a breach of fiduciary duty under 29 U.S.C. § 1132(a)(2). (D.N. 9, PageID # 1419–20, 1424)

## II.

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true.  *Id.*  A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion to dismiss.  *Id.* at 679.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*

The defendants seek dismissal of the second amended complaint, arguing that the plaintiffs do not have Article III standing to bring their claims.  (D.N. 15, PageID # 1986)  The plaintiffs bear the burden of establishing standing.  *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 581 (6th Cir. 2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).  To establish standing, the plaintiffs must show that they have suffered an "injury in fact;" (2) that the injury is fairly traceable to the actions of the defendants; and (3) that the injury will likely be redressed by a favorable decision.  *Id.* (citing *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 606–07 (6th Cir. 2007)).  In the absence of a cognizable injury in fact, the Court must dismiss the case for a lack of jurisdiction.  *Id.* at 583.

**A.     Count One**

Count one asserts that the defendants have failed to comply with the terms of Plans 524 and 525.  (D.N. 9, PageID # 1419)  The plaintiffs seek to enjoin the defendants from continuing to violate the plans' terms.  (D.N. 9, PageID # 1420)  In response, the defendants contend that the claim fails to allege an injury in fact.  (D.N. 15, PageID # 1986)  The defendants argue that the

plaintiffs lack standing because they failed to allege that the violations have negatively impacted their own benefits. (*Id.*)

"When seeking injunctive relief, 'a plaintiff must show that he is under threat of suffering injury in fact that is concrete and particularized,' and the 'threat must be actual and imminent, not conjectural or hypothetical[.]'" *Williams v. City of Cleveland*, 907 F.3d 924, 933 (6th Cir. 2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "For an injury to be particularized, 'it must affect the plaintiff in a personal and individual way.'" *Soehnlen*, 844 F.3d at 581–82 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016)). "A plaintiff must also show that he suffered a concrete injury, defined as a 'de facto' injury, meaning that the injury 'must actually exist.'" *Id.* (citing *Spokeo*, 136 S. Ct. at 1548).

The plaintiffs argue that, under Sixth Circuit precedent, they can satisfy the injury-in-fact requirements for their § 1132(a)(3) claim without showing an individualized injury because they are seeking relief on behalf of the plans instead of monetary relief. (D.N. 21, PageID # 2030 (citing *Loren*, 505 F.3d at 610)) The Sixth Circuit has stated that "a plan participant or beneficiary may have Article III standing to obtain injunctive relief, pursuant to § 1132(a)(3), related to ERISA's disclosure and fiduciary duty requirements without a showing of individual harm." *Loren*, 505 F.3d at 609. This conclusion, however, does not apply to the plaintiffs' § 1132(a)(3) claim because the claim alleges multiple violations of the plans, not violations of the disclosure and fiduciary-duty requirements. (D.N. 9, PageID # 1419–20)

Even if the Court construed the plaintiffs' § 1132(a)(3) claim as a breach-of-fiduciary-duty claim, subsequent Supreme Court precedent has reiterated that a plaintiff must individually establish an injury in fact to bring an ERISA claim. *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1620 (2020); *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) ("Congress may

4

create causes of action for plaintiffs to sue defendants who violate those legal prohibitions or obligations. But under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." (emphasis in original)). Despite the plaintiffs' contentions to the contrary, the Court in *Thole* rejected both monetary and injunctive-relief claims because the plaintiffs had not alleged an individual injury in fact. 140 S. Ct. at 1618, 1620 (noting that the plaintiffs sought both monetary and injunctive relief and concluding that the plaintiffs "'themselves still must have suffered an injury in fact, thus giving' them 'a sufficiently concrete interest in the outcome of the issue in dispute'"). The plaintiffs must therefore establish an individual injury to bring their § 1132(a)(3) claim.[1] *Id.*; *see also Soehnlen*, 844 F.3d at 584 ("[The Sixth Circuit has] never held that such a [§ 1132(a)(3)] claim can proceed without the individual plaintiffs' showing a constitutional injury.").

Here, the plaintiffs allege violations ranging from failing to respond to participants' inquiries to improperly terminating benefits. (D.N. 9, PageID # 1408–19) The plaintiffs assert that "the [alleged] maladministration by the [d]efendants will affect the [p]laintiffs, along with all of the other participants of the Plan[s], in a real, meaningful way if the [d]efendants are allowed to continue to administer the Plans with reckless abandon." (D.N. 21, PageID # 2033) At most, this assertion merely states that the defendants have harmed other members of the plan and therefore might someday violate the plaintiffs' rights under the plans. The allegation that other members of the plans have been harmed is insufficient to establish standing where the plaintiffs themselves did

---

[1] The plaintiffs argue that such a conclusion would preclude the Department of Labor from enforcing ERISA under § 1132(a)(5). (D.N. 21, PageID # 2034) But the question of whether the Department of Labor has standing to enforce ERISA is not before the Court, and the Court therefore declines to address this issue.

5

not have their benefits harmed.[2] *See Soehnlen*, 844 F.3d at 582–84 (finding that the plaintiffs' claim that other members of an ERISA plan suffered an injury was insufficient to establish a constitutional injury for a § 1132(a)(3) claim for injunctive relief). Further, the claim that the defendants might someday harm the plaintiffs' benefits under the plans is merely "conjectural or hypothetical" because the plaintiffs do not point to a specific present threat to their benefits under the plans. *Williams*, 907 F.3d at 933. The plaintiffs have therefore failed to plead an individualized injury in fact that is sufficient to establish Article III standing for their § 1132(a)(3) claim.

**B.   Count Two**

In Count two, the plaintiffs bring a claim for breach of fiduciary duties under 29 U.S.C. § 1132(a)(2). (D.N. 9, PageID # 1424) "[§ 1132(a)(2)] authorizes a beneficiary to bring an action against a fiduciary who has violated [29 U.S.C. § 1109]," which imposes liability for the losses to an ERISA plan resulting from a breach of fiduciary duties. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985); *see* 29 U.S.C. § 1109(a) ("Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach . . . ."). Under § 1132(a)(2), the plaintiffs may seek recovery only on behalf of the plan, not individual recovery. *Loren*, 505 F.3d at 608 (citing *Mass. Mut. Life Ins.*,

---

[2] The plaintiffs also attempt to rely on a supposed exception to the rule announced in *Thole*. (D.N. 21, PageID # 2032) First, the Supreme Court was addressing a hypothetical argument raised by a party's *amici*, and the discussion is therefore *dicta*. *See Thole*, 145 S. Ct. at 1620 ("But the plaintiffs do not assert that theory of standing in this Court."). In any event, the Supreme Court's discussion concerned allegations where "mismanagement of the plan [was] so egregious" that it substantially increased the risk that a plan would default and therefore prevent the plaintiffs from receiving their benefits. *Id.* The plaintiffs' allegations of misconduct in this case do not plausibly allege that the plans are on the verge of failure and that the plaintiffs will be unable to continue receiving medical and disability benefits. The plaintiffs' reliance on the discussion in *Thole* is therefore unavailing.

473 U.S. at 140). The plaintiffs argue that their § 1132(a)(2) claim for breach of fiduciary duties is similar to the plaintiffs in *Loren*, and therefore "this Court should confirm Article III standing for the [p]laintiffs." (D.N. 21, PageID # 2031)

But the Sixth Circuit concluded in *Loren* that the plaintiffs must still establish individual standing when they sue on behalf of their respective plans under § 1132(a)(2). 505 F.3d at 608 ("Merely because Plaintiffs claim they are suing on behalf of their respective ERISA plans [under § 1132(a)(2)] does not change the fact that they must also establish individual standing." (citing *Glanton ex rel. ALCOA Prescription Drug Plan v. Advance PCS Inc.*, 465 F.3d 1123, 1127 (6th Cir. 2006))). The Sixth Circuit thus dismissed the plaintiffs' § 1132(a)(2) claim in *Loren* because the plaintiffs had failed to establish individual standing. *Id.* at 609. As discussed previously, *supra* Part II(A), the second amended complaint contains no allegations that the plaintiffs have been individually harmed, and allegations that other members of an ERISA plan were harmed is insufficient to establish standing under § 1132(a)(2). *See Thole*, 140 S. Ct. at 1620; *see also Loren*, 505 F.3d at 608. The plaintiffs have thus failed to plead an individualized injury that would establish standing for their § 1132(a)(2) claim.

**C.     Associational Standing**

Plaintiff Boyle argues that, even if the plaintiffs do not have individual standing to bring their claims, he can establish associational standing through his title as president of Teamsters Local 2727. (D.N. 21, PageID # 2035) It is correct that "[a]n association has the right to sue in lieu of its individual members when: '(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'" *Daunt v. Benson*, 956 F.3d 396, 417 (6th Cir. 2020) (quoting *Hunt v.*

*Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)). But the potential associational standing of Local 2727 is immaterial because Local 2727 is not a party in this case. Moreover, besides stating that Boyle is president of Local 2727 (D.N. 9, PageID # 1405), the second amended complaint contains no allegation that Boyle is bringing this claim on behalf of Local 2727 or in his capacity as the president of Local 2727. Instead, Boyle merely asserts that he brings his claim as a participant in Plan 524. (*Id.*) That Boyle also happens to be president of Local 2727 does not permit him to automatically convert this action into a suit by Local 2727 seeking to assert the rights of its members.[3] Since Local 2727 is not a plaintiff in this case, the Court need not consider whether Local 2727 would have organizational standing to sue on behalf of its members. *Cf. King v. Haas*, No. C2-00-1411, 2002 WL 328827 at *3 (S.D. Ohio Sept. 4, 2002) (finding that an organization could assert associational standing as a named party to the action for harm to the organization's president).

**D.     Leave to amend**

In the final paragraph of their argument, the plaintiffs request leave to amend any deficiencies identified by the Court. (D.N. 21, PageID # 2047) The plaintiffs offer no particular details about how they wish to amend the complaint and supply no proposed amended complaint. (*Id.*) Such a passing request is not properly considered a motion to amend under Rule 15. The Court therefore declines to grant leave to amend the complaint. *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("Although FRCP 15 instructs courts to 'freely give leave'

---

[3] To the extent that the Court could construe Boyle's claims as claims brought by Local 2727, Boyle has not even attempted to explain how the claims would be germane to Local 2727's purpose or why the individual members would not be necessary participants in the litigation. Boyle has therefore waived his organizational-standing argument. *See McPherson v. Kelsey*, 125 F.3d 989, 995–996 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

to amend, that liberal policy does not apply to the plaintiffs' one-sentence request. A 'request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend.'" (quoting *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010))).

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the defendants' motion to dismiss (D.N. 15) is **GRANTED**. The plaintiffs' claims are **DISMISSED** without prejudice for lack of subject-matter jurisdiction. All claims being resolved, this matter is **STRICKEN** from the Court's docket.

August 4, 2021

David J. Hale, Judge
United States District Court